IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-125-GCM-DCK

| | |
|---|---|
| **TAMMY LLOYD MOODY,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) **MEMORANDUM AND** ) **RECOMMENDATION** ) |
| **NANCY A. BERRYHILL,** **Acting Commissioner of Social Security,** | ) ) ) ) |
| **Defendant.** | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" (Document No. 14) and "Defendant's Motion For Summary Judgment" (Document No. 20). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion for Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

I. BACKGROUND

Plaintiff Tammy Lloyd Moody ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about March 27, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning January 1, 2011. (Transcript of the Record of Proceedings ("Tr.") 21, 210). The Commissioner of Social Security (the "Commissioner" or

"Defendant") denied Plaintiff's application initially on or about May 8, 2014, and again after reconsideration on June 20, 2014. (Tr. 21, 139, 149). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you were disabled because of seizures. In order to get benefits, disability had to be established on or before 3/31/2013 because insurance coverage ended on that date. The medical evidence shows that your condition was not severe enough prior to the end of your insured period to be considered disabling.
> Your mental condition was not severe enough prior to the end of your insured period to be considered disabling. You were able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you could have performed any of your past relevant work. However, based on the evidence in file, we have determined that you could have adjusted to other work.

(Tr. 149).

Plaintiff filed a timely written request for a hearing on July 2, 2014. (Tr. 21, 157). On July 12, 2016, Plaintiff appeared and testified at a hearing before Administrative Law Judge Randall D. Huggins (the "ALJ"). (Tr. 21, 35-109). In addition, Patricia Oakes, a vocational expert ("VE"), testified via telephone, and Leah Messick, Plaintiff's attorney, appeared at the hearing. Plaintiff's husband, Chris Moody; and Plaintiff's friend, Eric Clippard, also testified. Id.

The ALJ issued an unfavorable decision on August 3, 2016, denying Plaintiff's claim. (Tr. 18-30). On August 5, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on May 28, 2017. (Tr. 1, 207). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 20, 2017. (Document No. 1). On August 1, 2017, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" (Document No. 14) and Plaintiff's "Memorandum In Support Of Motion For Summary Judgment" (Document No. 15) were filed February 1, 2018; and "Defendant's Motion For Summary Judgment" (Document No. 20) and "Defendant's Memorandum In Support Of Motion For Summary Judgment" (Document No. 21) were filed May 2, 2018. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability," as that term of art is defined for Social Security purposes, at any time between January 1, 2011, the alleged onset date, and March 31, 2013, the date late insured.[1] (Tr. 30). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 28-30).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity from January 1, 2011, her alleged disability onset date, through March 31, 2013, her date last insured. (Tr. 23). At the second step, the ALJ found that seizure disorder and anxiety were severe impairments.[2] (Tr. 23). At the third step, the ALJ determined that Plaintiff did not have an

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 23-25).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary work activity, with the following limitations:

> claimant can occasionally climb ramps and stairs. The claimant can never climb ladders, ropes and scaffolds. The claimant can occasionally balance, stoop, knee, crouch and crawl. The claimant should avoid even moderate exposure to unprotected heights and moving mechanical parts. The claimant cannot operate a motor vehicle. The claimant is further limited to simple work-related instructions and directions at a nonproduction rate pace e.g., assembly line work. The claimant is capable of sustaining concentration and pace for 2-hour segments throughout the duration of a standard 8-hour workday.

(Tr. 25). In making this finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id. Further, the ALJ stated that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." Id. The ALJ later explains that

> the claimant should be limited to the sedentary exertional level because of seizure activity, i.e., helping avoid falls from a standing position. The claimant is further limited to unskilled work in consideration of any medication side effects.

(Tr. 28) (citing Tr. 114-124, 126-137).

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as an order picker, a server, and a lunch wagon operator. (Tr. 28). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the

6

national economy that Plaintiff could perform. (Tr. 28-29). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included document preparer (DOT 249.587-010), check weigher (DOT 737.687-026), and final assembler (DOT 713.687-018). (Tr. 29). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 1, 2011, and her date last insured, March 31, 2013. (Tr. 30).

Plaintiff on appeal to this Court makes only one assignment of error. (Document No. 15, p. 6). As discussed below, the undersigned finds that this alleged error does not provide sufficient cause for remand.

**Assignment of Error**

In her only assignment of error, Plaintiff argues that the ALJ's RFC finding fails to properly account for the work-related limitations of Plaintiff's seizures. (Document No. 15, pp. 6-22). In support of this argument, Plaintiff contends, among other things, that "[t]here is no indication in the ALJ's RFC limitations of a specific restriction that accounts for the residual effects of [Plaintiff's] seizure disorder, [and] therefore, remand for further consideration is appropriate." (Document No. 15, p. 21). Moreover, Plaintiff contends that the ALJ's RFC assessment failed to include a function-by-function analysis of Plaintiff's work-related abilities, failed to provide a narrative discussion describing how the evidence supports each conclusion, and failed to explain how the ALJ considered contradictory evidence. Id.; see also Mascio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015). From these contentions, Plaintiff concludes that her "claim should be remanded for proper accounting of the effects of [her] seizure disorder on the RFC." (Document No. 15, p. 22).

In response, Defendant argues that the ALJ's RFC assessment properly accounts for Plaintiff's seizures. (Document No. 21, pp. 5-16). In support of this argument, Defendant asserts, among other things, that the RFC limitations that the ALJ included adequately "account for Plaintiff's seizure disorder, medication side effects, and residual symptoms," and that "the ALJ sufficiently articulated his rationale for the limitations he included in the RFC assessment." (Document No. 21, p. 9). Defendant points to the ALJ's discussion of the RFC assessment, which includes numerous citations to the record. (Document No. 21, pp. 9-11) (citing Tr. 24-28).

For example, Defendant summarizes the ALJ's consideration of Plaintiff's seizure disorder as follows:

> The ALJ also explained that he gave partial weight to the opinion of Craig Dubois, M.D., who stated that Plaintiff should not drive, and that her medications resulted in side effects that affect her cognition (Tr. 27-28). However, the ALJ gave little weight to the opinions of the state agency physicians, who opined that Plaintiff's seizure disorder did not impose exertional limitations (Tr. 28). The ALJ pointed out that the evidence of record supported a limitation to the sedentary exertional level because of Plaintiff's history of seizures (Tr. 28). The ALJ also noted Plaintiff's complaints that her medication made her sleepy and confused, as well as her husband's testimony that she experienced confusion for several days following a seizure (Tr. 24). The ALJ accounted for these complaints of confusion and other residual symptoms by providing that she could understand and follow only simple work-related instructions and directions at a non-production pace, and could sustain concentration and pace for two-hour periods during an eight-hour workday (Tr. 24-25, 28).

(Document No. 21, p. 10).

Defendant further notes that the ALJ, citing evidence of record, observed numerous inconsistencies between Plaintiff's statements and the medical evidence. (Document No. 10, pp. 10-11) (citing Tr. 26-28). Among other things, the ALJ cited Plaintiff's non-compliance with prescribed treatment; failures to seek treatment; her response to treatment; reports of improved

8

symptoms; Clippard's statement of improved seizure control; normal EEG and CT studies of her brain; her wide array of daily activities, as well as a number of cruise ship vacations; and hearing testimony from Plaintiff that she had not used marijuana in *eight months*, while her husband offered contradictory testimony that she used marijuana *daily*. Id.

Defendant later elaborates that CT and EEG studies are used as diagnostic and prognostic tools for evaluating seizure disorder, and that Plaintiff has provided no persuasive reason this medical evidence should be ignored. (Document No. 21, pp. 12-13). Defendant then cites multiple decisions from within the Fourth Circuit recognizing the value of CT and EEG studies in seizure disorder cases. (Document No. 21, p. 13) (citations omitted).

In addition, Defendant makes a compelling argument that Plaintiff has not shown what additional limitations were necessary in the RFC, and that the ALJ's RFC is consistent with other social security decisions addressing plaintiffs with seizure disorders. See (Document No. 21, pp. 6-8) (citations omitted).

Defendant concludes that the "ALJ properly considered all evidence of record and assessed RFC limitations that are supported by substantial evidence." (Document No. 21, p. 15).

The undersigned finds Defendant's arguments and cited legal authority to be persuasive. (Document No. 21). Contrary to Plaintiff's position, it appears that the ALJ carefully tailored an RFC that accounted for limitations Plaintiff might have related to her seizure disorder. Moreover, as previously noted, Plaintiff has declined to file a reply brief challenging Defendant's reasoning or legal citations.

## IV. CONCLUSION

Based on the foregoing, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence

supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" (Document No. 14) be **DENIED**; the "Defendant's Motion For Summary Judgment" (Document No. 20) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 20, 2018

_____
David C. Keesler
United States Magistrate Judge